UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES M. WATSON**,

    Petitioner,

v.                                               **CIV. NO. 05-1009 RB/DJS**

**JAMES JANECKA, Warden**,

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-2003-518 and CR-2003-676 in the Eleventh Judicial District, San Juan County, of New Mexico. In those proceedings Petitioner was convicted following jury trials of one count of Possession of a Controlled Substance (Methamphetamine), one count of Possession of Marijuana, one count of Receiving Stolen Property, and one count of Distribution of a Controlled Substance (Methamphetamine). As a result of the convictions, which were consolidated for sentencing, and as a result of being found to be an habitual offender with three prior felony convictions, Petitioner was sentenced to a term of imprisonment of twenty-two years and fourteen days.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Petitioner challenges his conviction and sentence on four grounds. His first ground for relief is that he was denied effective assistance of counsel. Secondly, Petitioner asserts that insufficient evidence was presented at trial to support his convictions for possession of methamphetamine, receiving stolen property, and distribution of methamphetamine (the subject of his second trial). Third, Petitioner contends that his sentence constitutes cruel and unusual punishment. Lastly, Petitioner contends that his attorney advised him that the prosecution could not prove the three prior convictions used to find him an habitual offender, but if he admitted to those convictions he would receive a sentence of eight years.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent filed a motion to dismiss the petition in which he asserts that Petitioner failed to exhaust his state court remedies as to the claims regarding ineffective assistance of counsel and the alleged promise of an eight year sentence. In addition, Respondent moved to dismiss all of the grounds asserted by Petitioner on their merits on the basis that they fail to state a meritorious claim.

4. Presentation of exhausted and unexhausted claims renders the instant petition a "mixed petition". The record of Petitioner's appeal contained in Respondent's Answer indicate that Petitioner has never raised the issue of ineffective assistance of counsel or the issue of a promise of an eight year sentence in that state courts. As pointed out by Respondent, this Court can consider unexhausted claims which are without merit. §28 U.S.C. 2254(b)(2); Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.) cert. denied, 522 U.S. 844 (1997). However, the Court cannot judge the merit of Petitioner's unexhausted claims on the basis of the documents attached to the Answer. A district

court faced with a mixed petition "may dismiss the petition and allow the petitioner to return to state court to exhaust his claims [or] .... it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies." Moore v. Schoeman, 288 F.3d 1231. 1232 (10th Cir.2002) (citations omitted). Given the nature of the claims asserted by Petitioner, this petition must be dismissed. See Id. at 1235 ("The plain language of § 2254(b)(2), as well as its legislative history and prior case law, point to a conclusion that a district court faced with a *habeas* petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.").

**RECOMMENDED DISPOSITION**

That Respondent's Motion to Dismiss be granted this matter dismissed without prejudice for failure to exhaust state remedies.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**